UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WEST PALM DIVISION

**IN ADMIRALTY**

CASE NO. _____

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON SUBSCRIBING TO
POLICY NO. B0799MC029630k,
Foreign Corporations,

      Petitioner,

v.

PERO FAMILY FARM FOOD CO., LTD.,
a Florida corporation.

      Respondents.

_____/

## PETITION FOR DECLARATORY RELIEF

Petitioner, CERTAIN UNDERWRITERS AT LLOYDS OF LONDON
SUBSCRIBING TO POLICY NO. B0799MC029630k ("Underwriters"), individually
and collectively foreign corporations, by and through its undersigned attorneys, files
this Petition for Declaratory Relief and states:

## NATURE AND SUBJECT OF ACTION

1.     This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201.

2.     This is also an action in Admiralty pursuant to Federal Rules of Civil
Procedure Rule (9)(h).

3.     The subject matter of this action is a Marine Cargo Policy bearing
policy number B0799MC029630k and effective dates of May 1, 2017 through and
including May 1, 2018 (hereinafter "the Subject Cargo Policy"). A complete copy of
the Subject Cargo Policy is attached hereto as Exhibit "A."

## THE PARTIES

4.     The Underwriters subscribing to the Subject Cargo Policy are several syndicates at Lloyds of London, which include Newline Syndicate 1218, Barbican Syndicate 1955, Advent Syndicate 0780, and the consortium of syndicates designated as PCG 9146.

5.     Syndicate PCG 9146 is comprised of Pioneer Syndicate 1980, Antares Syndicate 1274, XL Catlin Syndicate 2088, and Argo Global Syndicate 1200.

6.     Each of these syndicates is, in turn, comprised of members of Lloyd's of London that subscribe to or provide the capital necessary to underwrite the Subject Cargo Policy.

7.     None of the members-commonly referred to as Names-are citizens or residents of the state of Florida.

8.     A Managing Agent manages each syndicate.

9.     Each of the Managing Agents for each the syndicates that subscribe to the Subject Cargo Policy are corporate entities created under the laws of the United Kingdom, and all have their principal places of business in London, England.

10.     Newline Corporate Name Limited is the sole member of Newline Syndicate 1218.

11.     Newline Corporate Name Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

12.     Barbican Corporate Member Limited is the only member of Barbican Syndicate 1955.

13.     Barbican Corporate Member Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

14.     Advent Capital Limited is the sole member of Advent Syndicate 0780.

- 2 -

15.    Advent Capital Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

16.    Liberty Corporate Capital Limited is the sole member of Pioneer 1980.

17.    Liberty Corporate Capital Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

18.    Antares Capital Limited, Antares Underwriting Limited, and Treimco Limited are the only members of Antares Syndicate 1274.

19.    Antares Capital Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

20.    Antares Underwriting Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

21.    Treimco Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

22.    China Re UK Limited is the sole member of XL Catlin Syndicate 2088.

23.    China Re UK Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

24.    Numerous individual Names make up Argo Global Syndicate 1200. These Names are the only members of Argo Global 1200.  All of them are corporations incorporated under the laws of the United Kingdom, with their principal place of business in London, England.  They are therefore subjects of the United Kingdom.

25.    Upon information and belief, at all material times, PERO FAMILY FARM FOODS CO., LLC. (hereinafter referred to as "Pero Farms") is a corporation

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200  · Miami, Florida 33131 · Telephone: 305-379-3686 ·Facsimile: 305-379-3690

authorized and existing under the Laws of the State of Florida and does business in Palm Beach County, Florida.

26.    Pero Farms is a grower of vegetables.  It offers a variety of plant-based foods that are prepared and packaged for retail sale at grocers including Publix and Winn-Dixie.

27.    Pero Farms markets the sale of bagged vegetables, bagged and packaged salads, and vegetable-based side dish kits.

28.    Pero Farms purchases bagged, dry seed, which it then tenders to third party growers including but not limited to Trans Gro located in Florida.

29.    Trans Gro plants the dry seeds in soil pods which are then placed on racks in its greenhouses located in Immokalee, Florida.  The planted seeds are grown to seedlings.

30.    At a certain stage, if the seedlings are deemed sufficiently mature to be transported to Pero Farms' fields, they are planted with the intent of maturing and growing produce for harvest.

31.    Once the mature vegetable crops are harvested by Pero Farms, the produce is placed aboard dump trucks and transported by Pero Farms from its fields to its storage and packing facility.

32.    Pero Farms is the primary named assured on the Subject Cargo Policy at issue in this case.

## JURISDICTION AND VENUE

33.    This Court has diversity jurisdiction by virtue of 28 USC § 1332 because there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of interest, attorney fees and costs.

34.    This Court has admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, as the subject matter of this action involves a contract of wet marine insurance.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200  · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

35.     Venue is proper in the Southern District of Florida pursuant to 28 USC § 1391(a) because a substantial part of the events giving rise to the claim occurred in the district and the contract of insurance was delivered in this district.

36.     All proper and present interests are before the Court by proper process.

37.     All conditions precedent to the initiation and maintenance of the action have been complied with, have occurred, or have been waived.

## THE UNDERLYING CARGO CLAIM

38.     On or about September 10, 2017, named storm Hurricane Irma struck southern Florida.

39.     Thereafter, Pero Farms submitted a claim to Underwriters for losses allegedly caused by Hurricane Irma.

40.     The claim includes the loss of harvested produce which was in storage in Pero Farm's cooled storage facility in Delray Beach, Florida (herein "the harvested produce claim").   Pero Farms valued this portion of the claim at $1,345,566.02.

41.     The claim also includes the loss of seedlings which had been planted by Trans Gro for Pero Farms, located in greenhouses owned and operated by Trans Gro in Immokalee, Florida and which suffered damage from Hurricane Irma (herein "the greenhouse seedling claim").   Pero Farms valued this portion of the claim at $1,880,397.44.

42.     The claim also includes the loss of crops and crop coverings planted in Pero Farm's fields located in Delray Beach, Palm City and Clewiston, Florida (herein "the planted crop claim").   Pero Farms valued this portion of the claim at $3,471,496.72 for the planted crops, and $95,601.44 for the coverings.

43.     Underwriters accepted coverage for the loss of the harvested produce claim and have previously made a payment to Pero Farms for $1,345,566.02.

- 5 -

44.     Underwriters have disclaimed coverage under the Subject Cargo Claim for the greenhouse seedling claim and the planted crop claim for the reasons set forth herein.

## THE CARGO POLICY

45.     Underwriters subscribed to and underwrote a Marine Cargo Policy bearing number B0799MC029630k issued to Named Assured, Pero Farms and other additionally named assureds.   The Policy bore effective dates of May 1, 2017 through and including May 1, 2018.

46.     This cargo coverage was first bound in 2015 and renewed annually thereafter.

47.     On or about April 8, 2015, insurance broker, Lonmar Global, via its Marine Cargo Divisional Director, Ian Balchin, met with the Newline cargo underwriter in London to obtain a quote for a cargo policy for Pero Farms.

48.     At all times material, Lonmar Global was an agent and representative of Pero Farms.

49.     All acts, statements, and representations made by Lonmar Global on behalf of Pero Farms is binding upon Pero Farms under principles of agency.

50.     Pero Farms, via Lonmar Global, represented to Newline that it was a Florida based farm which produced primarily fresh peppers and green beans.  Pero Farms specifically requested "coverage from picking to end of storage at farm only."

51.     Pero Farms submitted several documents to Newline for consideration including (1) ACORD Commercial Insurance Application; (2) ACORD 823 for additional premises; (3) ACORD 140 Property Section (with attached Statement of Value).   ACORD forms 823 and 140; (4) Cargo/Stock Throughput Questionnaire; and (4) Storage Extension Form.

52.     ACORD 140 Property Section and the SOV reflect the "named locations" provided by the Assured.  It lists five (5) properties owned by the Assured where buildings are located in Delray Beach, Florida and Omega, Georgia.

- 6 -

53.     In the Cargo Questionnaire, Pero Farms indicated it was seeking cargo insurance for "produce, primarily peppers and beans." Pero Farms also represented that coverage was sought for "domestic shipments" and it listed "green beans + peppers on vehicles (dump trucks) moving from field to packing house. Seed is also stored on location."

54.     Coverage was quoted, and ultimately bound, for cargo transit and storage "from field to packing house" and this was clearly indicated on the policy slip.

55.     Coverage under the initial 2015 policy was effective from May 1, 2015 through and including May 1, 2016.

56.     On or about April 21, 2016 a renewal quotation was issued to Pero Farms on the same terms and conditions as expiring other than a premium increase to US $15,500, due to a reported increase in average stock values from US $2.55 million to US $3.7 million. The renewal policy was issued effective May 1, 2016.

57.     On or about May 11, 2016, Newline emailed Lonmar Global and requested a copy of the current Statement of Value (SOV) for Pero Family Farms.

58.     On May 12, 2016 Lonmar Global responded with the an SOV which maintained the same four (4) buildings located at 14095 SR 7 Delray Beach, FL 33446 as listed on the SOV provided with the ACORD application in 2015.

59.     On or about June 20, 2016, Endorsement 2 was added to the Subject Cargo Policy to include a chilled/frozen clause. Pero Farms represented that coverage was mainly for dried and ambient temperature produce, but on occasion goods were chilled/temp controlled.

60.     In August of 2016 an updated SOV was submitted which limited the buildings at the Delray Beach location to two (2) the main packing house (with estimated stock value of USD 5,000,000) and an office/distribution center.

61.     The renewal quote was issued on or around 8 May 2017 with a retro-active effective date of 1 May 2017, on terms and premium as expiring. The SOV

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200  · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

submitted by Pero Farms was attached and incorporated therein by specific reference.

## RELEVANT POLICY WORDING

62.　　The policy states that the type of insurance provided was Marine Cargo Insurance.

63.　　The Policy provides for the following conveyances and voyage limits:

Conveyances:　　　　　Any means of conveyance by land, sea or air.

Voyage/Geographical
Limits:　　　　　　　From: Ports and/or places in North America
　　　　　　　　　　To:　Ports and/or places in North America

　　　　　　　　　　Including whilst at rest and/or in store and/or whilst at contractors.

　　　　　　　　　　Including transshipment risks whether customary or otherwise.

64.　　The subject matter insured under the Subject Cargo Policy was:

Subject-Matter
Insured:　　　　　　　All goods and/or merchandise of every description incidental to the business of the Assured or in connection therewith consisting principally of, but not limited to, Peppers &/or Beans &/or seeds &/or Farm produce and/or packing and/or plastic covering.

65.　　Coverage is subject to the following conditions:

Conditions:　　　　　All risks of physical loss or damage from whatsoever cause howsoever arising subject to Institute Frozen Food Clauses (A) (Excluding Frozen Meat) CI.263 i.1.86 amended to chilled/refrigerated/atmospherically controlled/fresh so far as applicable.

　　　　　　　　　　Duration of Voyage Clause

　　　　　　　　　　Within the geographical limits of this policy, cover hereunder shall attach from the time the Assured assumes an interest in and/or responsibility for the subject matter insured and continues uninterrupted, including transit, stock and location

- 8 -

coverage until that interest and/or responsibility ceases.

Further including the risks of loading prior to and unloading after arrival of all transits hereunder.....

66.   The Subject Cargo Policy also provided the following General Condition:

Location Definition:
For the purposes of this policy "location" unless otherwise agreed in hereto, is defined as any building, tank, wharf, pier, bulkhead (or groups thereof) bounded on all sides by public streets or open waterways or open landscape, each of which shall be not less than fifty feet wide.

67.   The following monetary limits, deductible, and basis for valuation are set forth I in the Subject Cargo Policy:

Basis of
Valuation:                      Selling Price

Monetary Limits:       USD  5,000,000     Any one location.
                       USD  150,000       Any one domestic inland
                       conveyance.

Deductible:            All claims for loss, damage or expense resulting from any one occurrence or series of occurrences arising out of one event, shall be adjusted as one claim, and from the amount of such adjusted claim there shall be deducted the sum of:

                       USD  1,000 for transits

                       USD 7,500 for stock but USD 10,000 for windstorm.

68.   The policy slip also contains and incorporates the following information submitted by Pero Farms when it sought coverage and coverage was bound:

No claims 5 years.
Average stock over all locations USD 3,700,000
SOV as attached.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200  · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Transits from field to packing house USD 124,000,000
Sales USD 225,000,000 (distribution not at Assured's risk)

## THIS ACTION

69.    There exists a bona fide actual present and practical need for the declaration of coverage as to a state of facts concerning the rights and obligations of Underwriters under the Subject Cargo Policy.

70.    Underwriters and the Respondent, and each of them, have an actual, present, controversy in the subject matter described herein.

71.    Underwriters is in doubt of its rights under the policy and, by this Petition, seeks a declaration of its rights and obligations with respect to the aforesaid claim and a finding by this Court that under the above-referenced policy of insurance, Underwriters has obligation to make any payment for said claim.

## COUNT I- THE CARGO POLICY DOES NOT COVER CROPS

72.    Underwriters incorporates paragraphs 1-71 as if fully set forth herein.

73.    The Subject Cargo Policy provides coverage Pero Farms' cargo while in transit from the fields to storage and while in storage at any one location as defined therein.

74.    The nature of the insured cargo is the goods and merchandise which Pero Farms is in the business of selling.

75.    Pero Farms is in the business of selling packaged produce, including but not limited to peppers and beans.

76.    Pero Farms also sought coverage for, and Underwriters expressly agreed to provide coverage for, seeds, packaging and plastic coverings while in transit or in storage any one location as defined therein.

77.    Underwriters have satisfied its obligations under the Subject Cargo Policy by its prior payment for the harvested produce claim.

78.    Underwriters has no obligation to make further payment under the Subject Cargo Policy for the greenhouse seedling claim or the planted crop claim.

- 10 -

79.     The seedlings, planted crops and crop covers were not in transit at the time of the loss, therefore, there is no "in transit" coverage.

80.     The seedlings, planted crops and crop covers were not in storage at any location as defined by the Subject Cargo Policy; therefore there is no "location" coverage.

81.     Seedlings and immature plants are crops and the Subject Cargo Policy does not provide crop coverage.

82.     Pero Farms specifically sought cargo coverage for the transit and storage of fresh harvested produce, dry seeds and packaging from field to storage and while in storage.

83.     Pero Farms did not intend to seek, nor request, crop insurance from Underwriters.

84.     Underwriters are not authorized nor rated to underwrite crop insurance.

85.     There was no expectation, meeting of the minds, nor consideration provided for crop coverage or coverage for planted seedlings and plants.

## COUNT II- ALTERNATIVELY, THE APPLICABLE POLICY LIMIT IS $5 MILLION UNDER THE LOCATION LIMITS

86.     Underwriters incorporates paragraphs 1-71 as if fully set forth herein.

87.     Underwriters expressly deny that coverage exists under the Subject Cargo Policy.

88.     However, should coverage be found to exist, the Subject Cargo Policy provides only a $5 million limit for "location" coverage.

89.     The total amount of Pero Farm's claim is $6,793,061.62.

90.     If coverage existed, Underwriters payment obligation would be limited to $5 million.

91.     Underwriters have already made a payment of $1,345,566.02, thereby eroding the available limits to $3,654,433.98.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200  · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

92.     If coverage exited, Underwriters payment obligation would be limited to a maximum of $3,654,433.98 subject to the terms and conditions of the Subject Cargo Policy.

## COUNT III- ALTERNATIVELY, COVERAGE IS LIMITED TO THE "SELLING PRICE" AT THE TIME OF THE LOSS

93.     Underwriters incorporates paragraphs 1-71 as if fully set forth herein.

94.     Pero Farms' claim is premised upon the estimated selling price of mature harvested produce which may or may not have been yielded from the immature seedlings and planted crops.

95.     If coverage exists under the Subject Cargo Policy, which Underwriters expressly dispute, the valuation of any loss is the selling price of the cargo as of the time of the loss.

96.     As such, Pero Farm's remaining claim must be calculated based on the selling price of seedlings and immature plants.

97.     Whether each seedling or immature plant would yield any produce at all would be speculative at best.

98.     Whether an ultimate harvested yield would be sufficient in quality to ultimately package and sell to customers, would be speculative at best.

WHEREFORE, Petitioner respectfully requests that this Court enter a final judgment in Underwriters' favor declaring that:

a.     The Subject Cargo Policy does not provide coverage for the remaining claims submitted by Pero Farms due to Hurricane Irma.

b.     Underwriters has satisfied its payment obligations under the Subject Cargo Policy for the portion of the claim that was covered.  As there is no coverage for the remainder of the claim, Underwriters has no further payment obligation.

c.     Lexington further request judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200  · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

Dated:  December 7, 2018

Respectfully submitted,

/s/  Krista Fowler Acuña
Krista Fowler Acuña
Fla. Bar No. 650791
HAMILTON, MILLER & BIRTHISEL, LLP
Attorneys for Petitioner
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:   305-379-3686
Facsimile:   305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 7, 2018, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.

/s/      *Krista Fowler Acuña*
Krista Fowler Acuña

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200  · Miami, Florida 33131 ·  Telephone: 305-379-3686  · Facsimile: 305-379-3690